IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIKRI BAYRAMOGLU, | No. C 11-1653 WHA (PR) |
| Petitioner, | **ORDER OF TRANSFER** |
| v. | |
| J. TIM OCHOA, Warden, | |
| Respondent. | (Docket No. 8) |

Petitioner, a California prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging the denial of parole. Petitioner was convicted in Marin County, which is in the venue of this district, but he is incarcerated at Chuckawalla Valley State Prison, which is in the venue of the Central District of California. *See* 28 U.S.C. § 84.

The petition was filed in the Eastern District of California, which transferred it to this court because it did not have "jurisdiction" over the case. Jurisdiction for habeas cases involving state prisoners is proper in either the district of confinement or the district of conviction. 28 U.S.C. 2241(d). The district court for the district where the petition is filed may, however, transfer the petition to the other district in the furtherance of justice. *Ibid.* Venue for petitions challenging a conviction or sentence is preferable in the district of conviction. *See Dannenberg v. Ingle*, 831 F. Supp. 767, 768 (N.D. Cal. 1993). If the petition is directed to the manner in which a sentence is being executed, for example if it involves parole or time credits claims, the district of confinement is the preferable forum. *See* Habeas L.R. 2254-3(b)(1);

1  *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).  Because petitioner's claim is about the
2  denial of parole, it is a challenge to the execution of his sentence, rather than the validity of it,
3  and the district of confinement is therefore the preferable forum, not the district of conviction.
4      Therefore, pursuant to 28 U.S.C. 1404(a) and Habeas L.R. 2254-3(b), and in the
5  interests of justice, this petition is **TRANSFERRED** to the United States District Court for the
6  Central District of California.  Ruling on petitioner's motion for leave to proceed in forma
7  pauperis is deferred to the Central District following the transfer of this case.  The clerk shall
8  terminate docket number 8 from this court's docket.
9      **IT IS SO ORDERED.**

Dated: April  29 , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\BAYRAMOGLU1653.TRN.wpd

2